In the Matter of the ESTATE OF Anna M. BUCK, Deceased,

Violet A. Spencer, Co-executor, and Dale F. Buck, Surviving Spouse, Appellants.

No. 96–531.

Court of Appeals of Iowa.

July 30, 1997.

Benjamin W. Blackstock and Renee V. Sneitzer of Blackstock Law Offices, Cedar Rapids, for appellants.

Joseph G. Bertroche, Jr. of Bertroche Law Offices, Cedar Rapids, for appellee Edna Etzel.

Considered by HABHAB, C.J., and SACKETT and CADY, JJ.

HABHAB, Chief Judge.

Violet Spencer and Dale Buck appeal from a district court order staying their application to remove Edna Etzel as co-executor and co-trustee for the estate of Anna Buck, and from the district court's appointment of Franklin York as the attorney for the fiduciaries. We find part of the appeal is now moot, and we remand the remaining part with directions.

On December 1, 1994, Violet and Dale filed an application to remove Edna as co-executor and co-trustee. The court denied the motion, and they appealed. While the appeal was pending, Violet and Dale filed another application requesting the same relief but based on Edna's subsequent actions. The denial of that motion resulted in the appeal presently before this court. The supreme court declined to consolidate both appeals.

■ After the last brief was filed in this case, we decided *In re Estate of Buck,* No. 95–1019 (Iowa App. Oct. 25, 1996), and held that Edna should be relieved from her duties as co-executor and co-trustee. We also held a corporate co-fiduciary should be appointed to replace Edna. Because our prior decision has granted Violet and Dale the relief they request regarding Edna's role, those issues are now moot and we need not consider them. *See Junkins v. Branstad,* 421 N.W.2d 130, 133 (Iowa 1988) (defining as moot cases that no longer present a justiciable controversy because issues have become academic or nonexistent and judgment would have no practical legal effect upon existing controversy).

We turn next to appellant's contention the trial court erred in appointing Franklin York as an "attorney for the estate." To resolve this issue, it is necessary that we return to our decision in *In re Estate of Buck* previously cited.

Before doing so, however, we note the briefs submitted to us refer to York as the "attorney for the estate." Appellant's brief on the one hand asks for York's removal as the attorney for the estate and for the appointment of a neutral attorney to represent the estate, and appellee's brief on the other hand asks that York be retained as the attorney for the estate.

From the facts before us, it is clear the estate neither has nor needs an attorney. We believe York was selected as one of the attorneys for the fiduciaries. The same is true of Anne Loomis. Although the request for appointment seeks the appointment of an attorney for the estate, we believe that when the order of appointment issued, York and Loomis were appointed to represent the fiduciaries.

Returning then to our previous decision in *In re Estate of Buck,* we again note that Edna was relieved from her duties as co-executor and co-trustee. Under *Buck,* we remanded with directions that a corporate fiduciary should be appointed to replace her. We assume such appointment has taken place.

■ The present fiduciaries have the right to designate an attorney to assist in the administration of the estate. Iowa Code § 633.82; *Drosos v. Drosos,* 251 Iowa 777, 103 N.W.2d 167 (1960); *In re Will of Kenney,* 213 Iowa 360, 239 N.W. 44 (1931). In this respect, the selection of the attorney is personal to the fiduciaries. The basic responsibility for the administration of the estate rests with the executors. The relationship of an attorney and client is a confidential one and it must, of necessity, be based on mutual trust. It follows that the executors must necessarily have the power to select the

attorney of their choice to assist in their responsibilities.

With these principles in mind, we remand this case to the district court with directions that the present qualified fiduciaries shall have the power to select the attorney of their choice. Iowa Code § 633.82. If the fiduciaries are unable to agree, then Iowa Code section 633.76 should be employed. It goes without saying that coupled with the power to select the attorney of their choice is also the power to discharge an attorney or attorneys.

**MOOT IN PART AND REMANDED WITH DIRECTIONS.**